UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

DEAN R. MAYNARD,          )
                         )
      Plaintiff,           )
Vs.                        )
                         )     Cause No.  3:26-cv-493
WALMART, INC.             )
                         )
      Defendant.       )

SERVE:  CT Corporation System
           208 So. LaSalle St., Suite 814
           Chicago, Ill. 60604-1101

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Dean R. Maynard, through counsel, states as follows for his complaint and demand for jury trial against defendant, Walmart, Inc.:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, Dean R. Maynard ("Maynard"), is a citizen and resident of Centralia, Illinois.

2.     Defendant, Walmart, Inc. ("Walmart"), is a Delaware corporation with its principal place of business in Arkansas. Walmart operates a Supercenter at 1212 West McCord St., Centralia, IL 62801, in Marion County, Illinois.

1

3.      This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4.      Venue is proper in the Southern District of Illinois under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Centralia, IL, which is within this District.

## FACTUAL ALLEGATIONS

5.      On or about March 13, 2026, at approximately 1:00 pm, Maynard was a lawful invitee at the Walmart Supercenter located at 1212 West McCord St., Centralia, Illinois.

6.      Maynard was walking in the produce section of the store looking at produce.

7.      While walking and looking at produce, Maynard tripped on a wooden pallet that Walmart had placed directly on the floor which caused him to fall.

8.      The pallet that caused Maynard's fall did not have pallet guards or wraps to cover gaps in the pallet where feet can get stuck.

9.      The pallet that caused Maynard's fall protruded into a high-traffic area where customers could be expected to walk.

10.     The location and use of a pallet that did not have pallet guards or wraps to cover gaps in the pallet was a dangerous condition of property that created a trip and fall hazard to Maynard and other customers walking in the produce section.

11.    The dangerous condition of the pallet was either created by Walmart employees or had existed for a sufficient amount of time such that Walmart employees knew or could have known of the danger and failed to remedy it.

12.    Walmart knew or in the exercise of reasonable care could have known that the condition of the pallet involved an unreasonable risk of harm to those walking in the produce section.

13.    Walmart could reasonably expect that customers would not discover or realize the danger created by the pallet.

14.    It was the duty of Walmart, as the owner and occupier of the property in question, to exercise ordinary care to see that the property was reasonably safe for the use of those lawfully on the property.

15.    After he fell, other customers assisted Maynard to his feet. He did not report the fall to Walmart management at the time because he did not initially believe that he suffered a significant injury.

16.    When he arrived home after shopping at the store, Maynard realized that he had suffered a significant injury in the fall because he could not walk-up steps.

17.    Maynard then sought medical attention and was diagnosed with a fractured left hip and left knee pain. He then underwent surgery on his left hip.

## CAUSE OF ACTION - NEGLIGENCE

18.    Maynard realleges paragraphs 1-17.

3

19.    Walmart breached its duty of care and was negligent in one or more of the following respects:

a)    Placed a dangerous obstruction (pallet) in the produce section;

b)    Failed to cover the base of the pallet with a guard or wrap;

c)    Failed to warn customers of the dangerous condition;

d)    Failed to inspect the aisle to ensure it was clear of hazards.

20.    As a direct result of Walmart's breach of its duty of care and negligence, Maynard suffered a broken left hip which required surgery and left knee pain; after surgery he developed an infection necessitating a blood transfusion and lengthy hospital admission; he then became septic and was transferred to a different hospital; he sought and received medical treatment and will require further medical treatment in the future; he experienced significant pain, suffering, disability, and loss of enjoyment of life, and will experience pain, suffering, disability, and loss of enjoyment of life permanently; all to his damage.

## RELIEF SOUGHT

Accordingly, Maynard requests a jury trial and judgment against Walmart for damages to be determined at trial in excess of $75,000, plus costs of this action, and any other relief the Court deems proper.

BROWN & COUPPEN, P.C.

By:    /s/ *Richard J. Zalasky*
       Richard J. Zalasky, #6186539
       Kristine H. Bridges, #6271727
       4900 Daggett Ave.
       St. Louis, MO 63110
       (314) 561-6313
       (314) 421-0359 (fax)
       RichZ@getbc.com
       KristineB@getbc.com

       *Counsel for Plaintiff*

5